JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sabrina Conyon as Adm. of District 1199C NUHHCE Group Legal Service Fund

**(b)** County of Residence of First Listed Plaintiff: **Phila.**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Walters, Esquire, Markowitz & Richman, 123 S. Broad St., Ste. 2020, Phila., PA 19109

## DEFENDANTS
The Consortium, Inc.

County of Residence of First Listed Defendant: **Phila.**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** / **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities Exchange |
| | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [x] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 1145
Brief description of cause:
Claim for delinquent fringe benefit contribution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: July 23, 2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia

**RELATED CASE IF ANY:** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts)
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. ☒ All Other Federal Question Cases. *(Please specify):* ERISA

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SABRINA CONYON as Administrator of : CIVIL ACTION 25-cv-
THE DISTRICT 1199C NATIONAL UNION OF :
HOSPITAL AND HEALTH CARE EMPLOYEES :
GROUP LEGAL SERVICES FUND :
1319 Locust Street, Philadelphia, PA 19107 :
:
                Plaintiff :
:
v. :
:
THE CONSORTIUM, INC. :
3751 Island Avenue, 3rd floor :
Philadelphia, PA 19153 :
:
                Defendant :

## COMPLAINT

### JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions and liquidated damages.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

### PARTIES

3. The Plaintiff, Sabrina Conyon ("Conyon") is the Administrator of the District 1199C National Union of Hospital and Health Care Employees Legal Service Fund ("Fund"), a jointly-administered, multi-employer benefit fund within the meaning of §302 of the LMRA, 29 U.S.C. §186, and §§ 3(1) and (3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1), (3) and (37)(A).

1

Conyon is a fiduciary of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §3(21)(A). The offices of Conyon and the Fund are located at 1319 Locust Street, Philadelphia, Pennsylvania 19107.

4. Defendant, The Consortium, Inc. ("Consortium") is a Pennsylvania corporation with a principal place of business at 3751 Island Avenue, Philadelphia, Pennsylvania 19153. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. § 185, and §152(2) of the NLRA, 29 U.S.C. §152(2). The Defendant is also an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

## FACTUAL ALLEGATIONS

5. At all times relevant hereto, Consortium has agreed to be bound by the terms of a collective bargaining agreement ("Agreement"), with the National Union of Hospital and Health Care, AFSCME, AFL-CIO and its affiliate District 1199C, ("Union") which sets forth, *inter alia*, the wages, hours and other terms and conditions of employment of certain employees of Consortium in the City of Philadelphia. Among the provisions of the Agreement are clauses that require Defendant to make timely contributions to the Fund on by the last day of the month of May for the period of January through December of each year ("contract year") covered by the Agreement of each contract year at the rate of $15,000.00 per annum on behalf of employees covered by the Agreement and when employed by the Defendant, to submit timely contribution report forms to the Fund's administrator, and to submit reports monthly as to the names of and hours worked by, employees of the Defendant who are entitled to coverage by the Fund.

6. "Timely" contributions, as referred to under the terms of the Agreement and under the rules of the means that all employee benefit contributions must be received by the Fund on or before the end of the month of May of each contract year.

2

7. Under the Agreement and the rules of the Fund, all contributions received after the month of May are subjected to a ten percent (10%) liquidated damages charge and interest at the rate of one- and one-half percent (1.5%) per month.

8. The Defendant was obliged to make a contribution of $15,000 to the Fund by May 31, 2025 for purposes of contract year 2025 but has failed and refused to do so.

9. Notwithstanding its obligation to do so, the Defendant should have but has failed to pay $1,500 in liquidated damages and $180.00 in interest.

10. Notwithstanding its obligation to do so, the Defendant should have but has failed to submit reports on a monthly basis of the members who are entitled to benefits by virtue of employment by the Defendant for the months of January 2025 through June 2025.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS TO EMPLOYEE BENEFIT FUNDS

11. Paragraphs 1 through 10 of the Complaint are re-alleged as if fully set forth herein.

12. At all times relevant to this action, the Defendant has employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions as that term is defined in Paragraph 6 of this Complaint.

13. Despite having received demands that it performs its contractual obligations, the Defendant has failed, neglected, and refused to make any contributions to the Funds, as alleged in Paragraph 8 of this Complaint.

14. The Defendant's failure to submit contributions in the amount of $15,000 to the Funds by May 31, 2025 is a breach of the Agreement for which the Defendant is liable.

## COUNT TWO

### VIOLATION OF ERISA
### FOR FAILURE TO MAKE CONTRIBUTIONS

15. Paragraphs 1 through 14 of the Complaint are re-alleged as if fully set forth herein.

16. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

17. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

18. The Defendant's failure and/or refusal to make contributions in the amount of $15,000 to the Fund by May 31, 2025 in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT THREE

### BREACH OF COLLECTIVE BARGAINING
### AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS IN A TIMELY FASHION

19. Paragraphs 1 through 18 of the Complaint are re-alleged as if fully set forth herein.

20. Under the terms of the Agreement, contributions must be received no later than the last day of May of each contract year. Under the rules of the Fund, all contributions received after

May 31 of each contract year are subjected to a ten percent (10%) liquidated damages charge and interest at the rate of one and one-half percent (1.5%) per month.

21. The Defendant's contributions to the Funds for the contract year of 2025 in the amount of $15,000.00 were not received in a timely fashion and accordingly are therefore subject to an assessment of liquidated damages in an amount of $1,500.00 and interest in an amount of $150.00 as of July 1, 2025.

22. Under the terms of the Agreement and the Fund, the Defendant is contractually obligated to pay contractually mandated liquidated damages in the amount of $1,500.00 and interest in the amount of $150.00 as a result of its failure to make timely contributions in the amount of $15,000.00 for the contract year.

23. The Defendant has been advised that, under the terms of the Agreement, it is obliged to make timely contributions and pay liquidated damages as required by the Agreement. Despite having received a demand that it perform its contractual obligation with respect to make timely contributions and payment of liquidated damages and interest to the Funds, the Defendant has failed, refused and neglected to make such payments.

24. The Defendant's failure to make liquidated damages payments in the amount of $1,500.00 and make interest payments in the amount of $150.00 as a result of its failure to make timely contributions in the amount of $15,000.00 constitutes a breach of the Agreement.

## COUNT FOUR

### VIOLATION OF ERISA FOR FAILURE TO PAY LIQUIDATED DAMAGES

25. Paragraphs 1 through 24 of the Complaint are re-alleged as if fully set forth herein.

26. Section 515 of ERISA, as amended, 29 U.S.C. §1145, provides that any employer obligated to make contributions to a multi-employer plan under the terms of the plan or a

5

collective bargaining agreement shall make such contributions in accordance with the terms of the plan or such collective bargaining agreement.

27. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce compliance with Section 515 of ERISA, as amended, 29 U.S.C. Section 1145, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

28. The Defendant's failure to pay liquidated damages in the amount of $1,500.00 due to the Fund as a result of its failure to make timely contributions in accordance with the Fund's Agreements and Declarations of Trust and rules promulgated thereunder constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

### COUNT FIVE

### VIOLATION OF ERISA FOR FAILURE TO SUBMIT REPORTS

29. Paragraphs 1 through 28 of the Complaint are re-alleged as if fully set forth herein.

30. Notwithstanding its obligation to do so, the Defendant should have, but has failed to submit reports on a monthly basis for the period of January to June 2025 as to the names of members of the bargaining unit and the hours each such member of the bargaining unit worked who are entitled to benefits by virtue of employment by the Defendant.

31. The Defendant's failure to submit reports on a monthly basis for the period of January to June 2025 as to the names of members of the bargaining unit who are entitled to benefits by virtue of employment by the Defendant in accordance with the Fund's Agreements and

Declarations of Trust and rules promulgated thereunder constitutes a violation of Section 515(c) of ERISA, 29 U.S.C. §1145.

## COUNT SIX

## BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR FAILURE TO SUBMIT REPORTS

32. Paragraphs 1 through 31 of the Complaint are re-alleged as if fully set forth herein.

33. The Defendant's failure to submit reports on a monthly basis for the period of January to June 2025 as to the names of members of the bargaining unit and hours worked by each such member who are entitled to benefits by virtue of employment by the Defendant constitutes a breach of the collective bargaining agreement.

WHEREFORE, the Plaintiffs pray that the following relief be granted against the Defendant:

(a) that judgment be entered against the Defendant and in favor of the Plaintiffs in the total amount of $16,954.38, representing (1) $15,000.00 in unpaid contributions; (2) $1,500.00 in unpaid liquidated damages as of July 31, 2025; (3) $150.00 as of July 1, 2025 in unpaid interest; and (4) any additional sums found due and owing;

(b) that judgment be entered against the Defendant and in favor of the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that this Court enter an Order, directing the Defendant to make future contributions in a timely manner and in accordance with the Agreement and ERISA and provide the names of all bargaining unit members who were employed by the Defendant during the period of January through June, 2025, hours each employee worked and for all months thereafter.

(d) such other legal and equitable relief as this Court deems appropriate or to which Plaintiffs are entitled.

        Respectfully submitted,

        **MARKOWITZ & RICHMAN**

BY: /s/ Jonathan Walters, Esquire
     JONATHAN WALTERS, ESQUIRE
     Email: jwalters@markowitzandrichman.com
     Attorney I. D. No. 23900
     Suite 2020
     123 S. Broad Street
     Philadelphia, PA 19109
     Telephone: 215-875-3121
     Telefax: 215 790-0668

Dated: July 23, 2025